IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MATTHEW L. RUSH                                                                       PLAINTIFF

       v.                         Civil No. 14-2146

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Matthew Rush, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff filed his applications for DIB and SSI on August 17, 2011, alleging an onset date of February 1, 2011, due to congestive heart failure ("CHF"), crushed disks, sleep apnea, and chronic obstructive pulmonary disease ("COPD").  Tr. 147-153, 176, 191-192, 211-212.  The Commissioner denied his application initially and on reconsideration.  Tr. 87-90.  At the Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on August 15, 2012. Tr. 38-86.  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 44 years old and possessed a ninth grade education. Tr. 45-46, 172.  He had past relevant work ("PRW") experience as an auto body repairman and over-the-road truck driver.  Tr. 31, 183-190, 234.

On November 8, 2012, the ALJ concluded that the Plaintiff's sleep apnea, obesity, degenerative disk disease ("DDD") of the lumbar spine, and neuropathy were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 27-28.  He concluded that the Plaintiff could perform light work involving only occasional climbing, balancing, stooping, kneeling, crouching, and crawling.  Tr. 28.  Further, he determined the Plaintiff must avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, and similar environments.  With the assistance of a vocational expert, the ALJ found the Plaintiff could perform work as cashier II, storage facility rental clerk, and sales attendant.  Tr. 32.

The Appeals Council denied the Plaintiff's request for review on May 12, 2014.  Tr. 1-5.  Subsequently, Plaintiff filed this action.  ECF No. 1.  This matter is before the undersigned for report and recommendation.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 12, 13.

**II.**     **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  We must affirm the ALJ's decision if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is

possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the decision of the ALJ. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). The fact finder considers the Plaintiff's age, education, and work experience in light of his or her residual functional capacity, only if he reaches the final stage. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where the clinical findings do not support the inference. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

In the present case, the record makes clear that the Plaintiff suffers from degenerative disk disease of the lumbar spine and neuropathy. He consistently reported pain in his back that radiated down both legs and numbness in his extremities. Tr. 257-258, 273-275, 320, 323-326, 349-352, 356-358, 365. He also complained of frequent falls and tingling in his upper extremities. Tr. 61, 356-358, 364-367. X-rays conducted in August 2012 confirmed degenerative disk disease with spondylolisthesis at the L5-S1 level. Tr. 358. Further, an MRI dated September 2013[1] showed a protruding disk at the L4-5 level and Grade I anterior spondylolisthesis at the L5-S1 level with bilateral pars defects including diffuse disk protrusion and bulging of the annulus. Tr. 8.

On August 6, 2012, Jonathan Broniste, a nurse practitioner at the Lavaca Wellness Group, completed a medical source statement. Tr. 333-335. Records reveal that Mr. Broniste had been treating the Plaintiff since December 2011. Tr. 320. He indicated the Plaintiff could sit in a straight chair for no more than a few minutes, stand for an hour total, and walk for two hours total;

---

[1] We note that the Plaintiff submitted this evidence to the Appeals Council after the ALJ rendered his decision. As such, we must consider it with the other evidence of record.

would need hourly rest breaks and to change positions every 15 minutes; could rarely work in an extended or overhead position; could occasionally lift up to 25 pounds; would have limitations on grasping, fingering, and visual acuity; could rarely bend, stoop, crouch, and kneel; should avoid unprotected heights, exposure to sudden or frequent changes in temperature and/or humidity, and exposure to respiratory irritants; and, should avoid moderate exposure to driving/riding in automotive equipment. Mr. Broniste stated that he based these limitations on the Plaintiff's chronic back pain and numbness in his hands, legs, and feet.

On August 8, 2012, Plaintiff's treating cardiologist, Dr. Gary Fine, noted the Plaintiff had limited exercise capacity due to shortness of breath and periodic episodes of tightness in his chest. Tr. 349.

The ALJ dismissed Mr. Broniste's assessment, finding no support for it in the record. Moreover, he went on to conclude that the Plaintiff could sit for two hours per day, citing the Plaintiff's testimony that he sat in a recliner for five to six hours during the day. He also determined that the Plaintiff could stand for six hours based on his statement that he could walk half a block before resting, put his dirty clothes in a laundry basket, and go shopping once a week with his wife for 45 minutes. However, we note that the Plaintiff also stated he could sit on a bench or in a straight chair for only 10 to 15 minutes and had to sit down for 10 to 15 minutes during each of his weekly 45-minute shopping trips. Tr. 60-61, 196. Function reports also reveal very limited physical activity. Tr. 193-200, 213-220. Further, the field office representative conducting the Plaintiff's face-to-face interview in December 2011 noted difficulty breathing, talking, standing, and walking. Tr. 203-205. His observations also indicate that the Plaintiff was only able to sit for approximately 30 minutes. Tr. 204.

Accordingly, we do not find substantial evidence to support the ALJ's RFC determination and recommend that the matter be remanded to the ALJ for further consideration. On remand, the ALJ should be ordered to obtain an RFC assessment from each of the Plaintiff's treating physicians, complete with a statement of the objective bases for any limitations imposed.

On remand, the ALJ should also be provided with a copy of the mental status evaluation submitted to the Appeals Council. This assessment was conducted only two months after the ALJ's decision, and could relate to the relevant time period. This is particularly concerning, given the Plaintiff's alleged history of aggression and treatment for anxiety and depression. Tr. 46.

**IV.   Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of March, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE