IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


MATTHEW L. RUSH                                                                                PLAINTIFF

v.                                              Civil No. 2:14-cv-02146-PKH

ANDREW M. SAUL, Commissioner
Social Security Administration,                                                                DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Pending now before this Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 24). The Commissioner has filed a response (ECF No. 25), and the matter is now ripe for resolution.

**I.     Background**

This case has been remanded by this Court on two occasions — in 2014 and 2016 — following denials by an Administrative Law Judge (*See* Case Numbers 2:14-cv-2146-PKH and 2:16-cv-2270-PKH).  On each occasion, the Court remanded the case to the Commissioner. (*See* 2:14-cv-2146-PKH, Doc. 17, and 2:16-cv-2270-PKH, Doc. 17).  Plaintiff was awarded fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in each case totaling $9,201.60 (*See* 2:14-cv-2146-PKH, Doc. 22, and 2:16-cv-2270-PKH, Doc. 23), all of which was confiscated by the Agency to pay Plaintiff's past-due tax debt.  Counsel contends that the existence of these debts was not timely revealed to him.

In June 2016, the Commissioner found Plaintiff disabled and awarded benefits, and on February 14, 2020, the agency issued the Notice of Award indicating Plaintiff was entitled to

retroactive benefits in the amount of $28,789.75 for the period between June 2016 and February 2020. (ECF No. 27).

The Agency awarded counsel fees in the amount of $9,757.50 for his representation of Plaintiff at the Agency level. This was a based on a retroactive award to both the Plaintiff and his two minor children. Plaintiff now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $954.00, representing the balance of the 25% of retroactive benefits withheld by the Agency for attorney fees.[1] (ECF No. 24). The Commissioner filed a response on March 9, 2021, voicing no objections and acknowledging that Counsel did not receive either of the EAJA awards due to Plaintiff's tax debt. (ECF No. 25).

## II.     Applicable Law

Attorneys representing successful Social Security claimants may seek fees under both 28 U.S.C. § 2412, the Equal Access to Justice Act (the "EAJA"), and 42 U.S.C. § 406(b). Under § 406(b), "the court may determine and allow as part of its judgment a reasonable fee ... not in excess of 25 percent of the ... past-due benefits to which the claimant is entitled by reason of such judgment." Fees paid pursuant to § 406(b) are paid from the claimant's past-due benefits. The United States Supreme Court has, however, determined that the § 406(b)(1)(A) cap applies only to fees for court representation and not to the aggregate fees awarded under § 406(a) for representation at the agency level. *Culbertson v. Berryhill*, 139 S.Ct. 517, 522-523 (2019). Further, the Court held that any concerns about a shortage of withheld benefits for direct payment, and the consequences resulting therefrom, were best addressed to the agency, Congress, or the attorney's own good judgment. *Id*. at 523.

---

[1] Counsel acknowledges that there appears to be a miscalculation in the total amount of retroactive benefits withheld from the retroactive awards to both Plaintiff and his children. Despite this perceived error, Counsel still seeks only $954.00.

Under the EAJA, a Social Security claimant may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are paid with agency funds and are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate. *See* 28 U.S.C. § 2412(d)(1)(B). Fee awards may be made under both § 406(b) and the EAJA, but the claimant's attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* at 796–97.

In reviewing a request for fees under § 406(b), the Court must first look to the contingent fee agreement to determine whether it is within the 25 percent boundary set by the statute. The Court must then determine whether the fee sought is reasonable. *See Gisbrecht*, 535 U.S. at 807. When considering a fee request, the Court must balance two important policy concerns. On the one hand, attorneys face the risk of nonpayment if their clients are not awarded Social Security benefits and fee awards should be substantial enough to encourage attorneys to accept that risk. *See Wyles v. Astrue*, 2009 WL 4730686, *3 (E.D. Ark. Dec. 3, 2009). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award, from which § 406(b) fees are deducted. *Id.*

In *Gisbrecht*, 535 U.S. at 808, the Supreme Court provided examples of factors to consider in determining whether a requested fee is reasonable:

> (1) The court may consider the character of the representation and the results achieved. *Id.*

3

(2) A reduction may be appropriate if the attorney was responsible for delaying the progress of the case, as the attorney should not profit from the accumulation of benefits during the delay. *Id.*

(3) If the benefits are large in comparison to the amount of time Plaintiff's attorney spent on the case, a reduction may be warranted to prevent a windfall to the attorney. In this regard, while the Supreme Court in *Gisbrecht* disapproved of courts relying exclusively on the lodestar method in determining a reasonable fee award under § 406(b), it expressly stated that a court "may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* Thus, as the Fifth Circuit Court of Appeals has interpreted *Gisbrecht*:

> [D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.... [T]he district court must also articulate the factors that demonstrate to the court that the fee is unearned. Specifically, the district court must discuss the factors that demonstrate that the success on appeal is not of the attorney's making, but rather, is attributable to some other source for which it would be unreasonable to compensate the attorney. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010).

Plaintiff's attorney has the ultimate burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

### III. Discussion

In this case, Plaintiff is requesting $954.00 in 406(b) fees, representing a total of 36.65 attorney hours and 30.35 paralegal hours at a combined rate of $14.23 per hour, which falls well below the hourly rate awarded by this Court in EAJA cases. Further, we note that Plaintiff contracted to pay his attorney 25 percent of any past due benefits owing to him (ECF No. 24-2), and the case resulted in a remand by this Court with an ultimate award of benefits.

Nothing in the record suggests that there was any overreaching by Plaintiff's counsel in making the fee agreement or any impropriety in representing Plaintiff. Moreover, Plaintiff had an opportunity to oppose the motion but did not do so. The Court also acknowledges that Plaintiff's

attorney has a history of representing social security claimants and has a good reputation in the legal community. Further, the benefits to Plaintiff are substantial, not in just past due benefits, but also benefits he will continue to receive in the future. Therefore, under the totality of the circumstances, comparison of the benefits secured and the time Plaintiff's counsel spent on the case does not suggest that the fee sought would represent a windfall to counsel. The Court finds that a fee of $954.00 is a reasonable fee award for Plaintiff's attorney's representation at the judicial stage.

### IV. Conclusion

Accordingly, Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of **$954.00**. While we do note that Plaintiff was awarded EAJA fees totaling $9,201.60, payment was never made because the full amount was confiscated by the Department of the Treasury to offset Plaintiff's past-due tax debt. The Defendant does not refute this argument. Therefore, we will award Plaintiff's counsel the full **$954.00** fee. *See Brewton v. Colvin*, 2015 WL 3708234, *3 (W.D. Ark. June 15, 2015).

**IT IS SO ORDERED** this 9th day of June 2021.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE